Godfroid, Appellant, *v.* Rockhill Coal & Iron Co.

Argued October 23, 1933.

Be-
fore Keller, Cunningham, Baldrige, Stadtfeld,
Parker and James, JJ. ▮▮▮▮▮▮

*J. Colvin Wright,* for appellant.

*W. M. Henderson* of *Henderson & Henderson,* for
appellee.

Opinion by Cunningham, J., December 16, 1933:
The appeal in this workmen's compensation case is
by the employe from a judgment in favor of his em-
ployer. The order of the court below appealed from
was entered December 1, 1932, but the appeal to this
court was not perfected until January 16, 1933. Coun-
sel for defendant moved to quash upon the ground
that the appeal had not been taken within the period
of "thirty days after entry" of the judgment, as re-
quired by section 427 of the amendatory Act of June
26, 1919, P. L. 642, 665, as further amended by the Act
of April 5, 1929, P. L. 175.
To the rule to show cause why the appeal should
not be quashed, counsel for appellant filed an answer,
one paragraph of which reads: "The custom has long
prevailed in this [Huntingdon] county when opinions
of the court are filed other than at times when the

court is in session, for the prothonotary to inscribe on a blackboard in his office, maintained for that purpose, the number and term in which such opinion has been filed and the names of the attorneys interested therein." Further averments of the answer were that the filing of the opinion of the court below, concluding with the judgment, was not inscribed upon the blackboard in accordance with the customary practice, and that counsel for appellant received no notice of the filing thereof until "a few days before the appeal was taken."

A further amendment of section 427 was made by the Act of June 22, 1931, P. L. 598, which prescribes that the prothonotary of any court of common pleas, to which an appeal has been taken from the board, shall send the board a certificate of the judgment of the court, as soon as rendered, with a copy of any opinion which may be filed in the case, "and, within five days, shall give notice of such judgment and the date thereof by registered mail to each attorney-at-law appearing in the case at the address given by the attorney in the pleadings, and if no attorney-at-law has appeared, by registered mail to the party or parties not represented by counsel."

As the provisions of this amendment were not complied with by the prothonotary of the court below, we deny the motion to quash, and shall proceed to a consideration of the merits of the appeal.

Uncontroverted facts appearing from the record are that appellant, while employed as a miner by the defendant company, suffered an accidental injury on July 29, 1929. Under date of August 17, 1929, the parties entered into an open agreement for the payment of compensation for total disability; the description therein of the accident and resulting injury reads: "While loading rock, piece rolled and hit him on right leg—bruised right leg." Payments were

made under the agreement until November 15, 1929, upon which date appellant executed a final receipt.

The broad question involved upon this appeal is whether the court below erred in affirming the refusal of the compensation authorities to reinstate the compensation agreement. Within a year after the last payment under it, appellant, upon two occasions, petitioned for its review and reinstatement, substantially upon the ground of a recurrence of disability; both petitions were dismissed by the referee, and his action affirmed by the board; as no appeal was taken from either order of the board, we need not refer to these proceedings in detail.

The proceedings with which we are now concerned began with the filing by appellant on March 17, 1931, more than one year after the last payment of compensation, of a petition reciting the execution of the agreement, and of the final receipt, and averring that ''the disability for which said compensation was paid still exists and that by reason thereof [appellant] has been unable to return to work,'' and further, ''that the said final receipt was obtained from [appellant] by fraud and coercion and by a mistaken idea or understanding as to the result and character of his injuries at the time of the signing thereof.'' The prayer of the petition was that the receipt be set aside and the agreement reinstated.

Proceedings before the compensation authorities upon this petition terminated in the making of specific findings of fact by the board (supported in an opinion written by its chairman) and followed by a conclusion of law that ''the final receipt may not be set aside.''

It is clear from the opinion that appellant had been, to say the least, lacking in frankness in his testimony at previous hearings, and that some of the former conclusions of the board were not warranted under the actual facts. In a laudable effort to clear up the whole controversy, the board reviewed all the testimony and

found therefrom, in substance, that this is a case in which appellant had, for some time prior to the accident here involved, been suffering from a syphilitic infection, which became localized in the tissues and muscles of the injured leg, resulting in a permanent paralysis of the "anterior and posterior tibia muscles," but that this paralysis did not develop until several months after the execution of the final receipt.

Another finding was that at the time appellant executed the receipt the disability caused by the accident had ceased and he would have been able to resume remunerative employment if it had not been for the presence of an epigastric hernia (not attributable in any way to the accident) which was remedied by an operation in April, 1930.

Upon an examination of the record, we find sufficient competent testimony to support these findings; they are, therefore, controlling in the disposition of the case. From them it is obvious that the averments of appellant's petition of March 17, 1931, exclusive of the general averment that he was then disabled, were not supported by evidence. As we have seen, its prayer was that the final receipt be set aside and the agreement reinstated. In effect, it was a petition to have the agreement reinstated upon the ground that, although the final receipt recited that appellant's disability had terminated, it, in fact, persisted and had increased. Under our precedents, we may regard the petition as having been filed both under section 413 of the amendatory Act of 1919, supra, as amended by the Act of April 13, 1927, P. L. 186, 194, providing, inter alia, for the reinstatement of agreements under certain circumstances, and section 434 of the Act of 1919, (page 669) relating to the setting aside of final receipts upon proof of the grounds therein specified. As to reinstatement under the provisions of paragraph two of section 413, upon the ground of continuing, increased or recurring, disability, consideration

of the petition was barred by the limitation placed therein by the amendment of 1927, which provides that no agreement shall be reinstated etc., "unless a petition is filed with the board within one year after the date of the last payment of compensation, with or without an agreement." This limitation does not apply to the first paragraph of the section, but the petition could not be granted thereunder because that paragraph does not provide for the reinstatement of an agreement; it relates only to the review, modification or setting aside, of an existing agreement, upon proof that "such agreement was procured by the fraud, coercion, or other improper conduct, of a party, or was founded upon a mistake of law or of fact": Zupicick v. P. & R. C. & I. Co., 108 Pa. Superior Ct. 165, 164 A. 731. In that case it was also held that the mistake of law or fact, contemplated by this paragraph, is necessarily one existing at the time the agreement was made.

In the case at bar there is no suggestion that the agreement was procured through fraud, coercion, or improper conduct of any kind, or that it was founded upon any mistake of law or fact. Moreover, that agreement was terminated by the execution of the final receipt. See also Bucher v. Kapp Brothers, 110 Pa. Superior Ct. 65, 167 A. 652, (allocatur refused by Supreme Court).

This leaves for consideration only section 434. The limitation of one year does not apply to this section. Appellant's difficulty here is the entire absence of any evidence supporting his allegation of "fraud and coercion."

As to appellant's allegations of mistake, it may well be doubted whether, even if supported by competent evidence, they would have constituted such a mistake of fact as is contemplated by this section. Assuming, however, for the purposes of this appeal, that they might have entitled him to relief, if proven, the specific

finding by the board is that the disability caused by the accident had ended prior to the giving of the receipt, and that the only thing which prevented him from resuming his employment was the epigastric hernia.

Upon appellant's appeal to the common pleas, BAILEY, P. J., correctly held that the petition of March 17, 1931, was filed too late to secure relief under the second paragraph of section 413, even if he had been able to show a causal connection between the accident and his present disability, and that there was no proof of fraud or coercion in procuring either the agreement or the receipt, and no evidence that either had been founded on any mistake of law or fact.

The order of the court below, now under review, was a correct application of the law to the facts and amounted to a judgment in favor of the defendant employer.

Judgment affirmed.