Masarik, Appellant, *v.* Allegheny Steel Company.

Argued April 12, 1937.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*Abraham Fishkin,* for appellant.

*Murray J. Jordan* and *Fred J. Jordan,* for appellee.

PER CURIAM, July 15, 1937:

The Workmen's Compensation Board, the final fact finding body in workmen's compensation cases, found as a fact that the claimant's husband, an employee of the defendant, Allegheny Steel Company, had died from erysipelas. It refused to find from the evidence that the employee had suffered an accident, or that the erysipelas from which he died was of accidental origin. Its findings negatived the theory of death resulting from accident. It set aside the findings of the referee connecting the employee's death with an accidental burn, reversed the award and disallowed the claim. This it had the undoubted right to do if there was evidence to support its action.

A review of the testimony shows that the evidence will support a finding of natural death; it tends to support the board's statement that "the record is bare of any legally competent evidence that the decedent sustained an injury while in the employ of the defendant."

The ultimate fact finding body having found against the claimant on the facts and there being evidence to support the finding, the courts have no power to disturb it.

It does no good to cite to us, and argue from, other cases where the fact finding body found in favor of the claimant. There is an impassable gulf between those cases and this one.

In this view of the case it is not necessary to pass on the question raised by the appellee as to whether claimant's appeal was taken in time. But see *Godfroid v. Rockhill Coal & Iron Co.,* 111 Pa. Superior Ct. 296, 298, 169 A. 577.

The judgment is affirmed.