Szabo, Appellant, v. State Workmen's Insurance Fund et al.

Argued April 25, 1933.

Before.
TREXLER, P. J., KELLER, CUNNINGHAM, BALDRIGE, STADT-
FELD, PARKER and JAMES, JJ.

*Arthur I. Zeiger,* for appellant.

*Ralph H. Behney,* for State Workmen's Insurance
Fund, and with him *A. L. Edwards,* Deputy Attorney
General, and *Wm. A. Schnader,* Attorney General, for
appellees.

OPINION BY BALDRIGE, J., July 14, 1933:
The claimant, a coal miner, was injured in the course
of his employment on November 20, 1925. A com-
pensation agreement was entered into on December 2,

1925, and was approved by the compensation authorities December 16, 1925. This agreement stated that the accident and resulting injuries were from "lifting wagon and strained back." The compensation was fixed at the rate of $12 per week, "beginning from November 30, 1925 and continuing during disability." The claimant received a first payment of $24; and the second and final payment was by check, dated March 15, 1926, in the sum of $12, which had written thereon a final receipt and the statement, "I returned to work on 12-21-25." No further action was taken by the claimant from that time until May 29, 1931, when a petition was filed to review the compensation agreement under Section 413 of the Workmen's Compensation Act of 1919 (77 PS Secs. 771-774), alleging that the final receipt was based on fraud and mistake; that he was unable to write or understand the English language or the nature of the paper he signed. The claimant, represented by an attorney, subsequently amended his petition by making it read as follows: "To review the said writings as provided in Sections 413 and 434 of the Workmen's Compensation Act of Pennsylvania." Hearings were held, and the referee found that the final receipt was signed, due to a mistake of fact, set it aside, reinstated the agreement, and directed compensation be paid claimant until December 28, 1925, "the date he had fully recovered from the effects of his injury, when the agreement should be terminated, the claimant having failed to prove any disability on account of his accident and injury beyond that date." Dr. Martin, who examined and treated the claimant immediately after the accident, testified that the claimant was "discharged for work on December 28, 1925." We think the reasonable meaning of Dr. Martin's testimony is that the claimant had then recovered. The referee was justified, therefore, in his finding that dis-

ability had terminated at that time. The board affirmed the findings of fact and conclusions of law of the referee, and, on appeal to the court of common pleas, the board was sustained.

In addition to the long period of time that had expired before seeking a review, which cannot be disregarded, the testimony of the claimant was contradictory and evidently proved unsatisfactory to the fact-finding bodies. He gave a different version of the accident at the hearing from that set forth in the original petition, attributing his injury to a big lump of coal falling on his shovel and knocking it from his hands, causing him to fall on it. He stated that he left for home at 3:30 P. M., five minutes after the accident. Immediately thereafter, in answer to a question about going home, he stated: "It took me from nine o'clock in the morning, when the accident happened, until half past three in the afternoon."

The claimant maintains that, as a result of this accident, he is totally incapacitated. Dr. Dobo, called on his behalf, attributed his condition to traumatic arthritis and pyonephrosis, resulting from the injury. Each of the three doctors called by the defendant expressed the opinion that the claimant is not suffering from arthritis, but that he has a focal infection and is tubercular, and that his present condition has no connection with the accident. With this variance in medical testimony, the referee requested Dr. McMurray to make an examination of the claimant, which he did, subsequently testifying that the claimant appeared to be prematurely old, poorly nourished, hollow-chested, etc. He reached the conclusion that the claimant is tubercular, but that there was no causal relation between the accident and his present physical condition.

The appellant's chief complaint is to the termination of the compensation agreement in this proceeding, contending that the only relief sought was the setting

aside of the final receipt. The compensation authorities had jurisdiction of all questions involved in this controversy. It was their primary duty to determine, not only if the receipt was valid or void, but also if claimant, under all the proven facts, was justly entitled to further compensation, and their finding, supported by competent proof, is conclusive: Johnston v. Payne-Yost Construction Co., 292 Pa. 509, 141 A. 481.

We concede that it is not a matter of vital importance whether a petition is presented under Section 413 or Section 434 of the act (77 PS §§ 771-774, 1001).* Johnson v. Jeddo Highland Coal Co., 99 Pa. Superior Ct. 94. But if Section 413 is invoked by a claimant, and the proof offered comes within its provision, as in this case, he cannot complain if this section is not disregarded. It is proper, under the express provision of Section 413, to inquire into and determine whether the disability has ceased, and, if so, when. The prayer of the petitioner, and the proof offered, not technical rules of pleading, are controlling. "The act permits liberal investigation, by hearing and otherwise; but, after all the data has been gathered without regard to technical rules, then the proofs must be examined, and that which is not evidence within the meaning of the law, must be excluded from consideration": McCauley v. Imperial Woolen Co. et al., 261 Pa. 312, 326, 104 A. 617. See, also, Vorbnoff v. Mesta Machine Co. et al., 286 Pa. 199, 133 A. 256.

We have given consideration to all the questions raised in this appeal, but find them without merit.

Assignments of error are overruled, and appeal dismissed.

---

* Except as to limitation of time under the Amendment of 1927 which is applicable to the second paragraph of section 413 (77 PS §772).