Palino *v.* Hazle Brook Coal Company, Appellant.

Argued December 11, 1933.

Before TREXLER, P. J., KELLER, CUNNINGHAM, BALD-
RIGE, STADTFELD, PARKER and JAMES, JJ.

*P. B. Roads,* for appellant.

*Robert J. Dever,* for appellee.

PER CURIAM, March 3, 1934:

The injured plaintiff and his employer entered into
a compensation agreement on November 2, 1928, which
provided for the payment of compensation to him,
beginning October 5, 1928, for an indefinite period.
The injury occurred September 29, 1928, and was de-
scribed in the compensation agreement, thus: "car
jumped off track and caught leg between side of slope
and car, causing compound fracture of right leg."

On September 4, 1929, Palino, the appellee, signed
a final receipt. On May 11, 1931, he presented a
petition to the Compensation Board for a review
of the *agreement* alleging, "I signed the *final re-
ceipt* by mistake," and in support of the allegation,
stated, "I was partial disabled at the time I signed
the final receipt and am still partial disabled." His

petition, as stated therein, was made under Section 413 of the Workmen's Compensation Act, 1915, June 2, P. L. 736, Art. IV, Sec. 413; 1919, June 26, P. L. 642, Section 6; 1927, April 13, P. L. 186, Section 6. This section refers to agreements, not to final receipts. The petition should have been presented under the 434th section of the act. Probably the claimant used a printed form.

In order to come under the provisions of the latter section, it was incumbent upon the petitioner to prove that the receipt was procured by fraud, coercion, or other improper conduct of the party or was founded upon a mistake of law or fact. That the wrong section was referred to in the petition does not matter. Johnson v. Jeddo Coal Co., 99 Pa. Superior Ct. 94; Szabo v. Penna. Ins. Fund, 110 Pa. Superior Ct. 8.

When the case was heard before the referee, the claimant testified that he had signed the final receipt and had returned to work, continuing for thirteen or fourteen months—light work. He stopped work because the leg, which had been injured, hurt him. He admitted signing the final receipt by his mark. the only reason he could give for so doing was that the company doctor told him to put his mark there. He did not ask the doctor the reason why; he had gone to the doctor's office at the request of the doctor so that the latter might examine his leg. He did not know that the compensation would stop after he had put his mark to the paper. He signed the paper because the doctor insisted he should put a cross there. He did not remember the name of the doctor and could give no other reason why he signed the paper. This occurred on August 5, 1929.

It was on May 11, 1931, that the first action was taken to secure further compensation. The hearing was had on June 15, 1932. A doctor who was called testified that he examined the plaintiff three times,

and stated there was evidence that the plaintiff was injured in "his lower third of his leg, a partial anky-losis of the right foot, which in most likelihood due to the destruction of bone, muscle and he has a loss of function in the right leg to the extent of fifty per cent," that the injury was due to the objective symp-toms which showed at the time the examination was made and which the injured stated was due to the in-jury he received. Although he had not examined the claimant until two months before the hearing and had had no occasion to examine him at or near the time the final receipt was given, he gave his opinion that the condition he found was present at the time when the final settlement was made. This is all the perti-nent testimony which was received, the defendant not having any witnesses.

Our inquiry must be whether the record contains legally competent testimony to sustain the claim. The final receipt was, under Section 434, prima facie evi-dence of the termination of the employer's liability: Savidge Dime T. & S. Co., 108 Pa. Superior Ct. 333, 164 A. 734.

We cannot from the testimony produced come to the conclusion arrived at by the referee that there was a mistake of law or fact at the time the receipt was signed. The mistake mentioned in the act must be such as existed when the receipt was signed. Busi v. A. & S. Wilson Co., 110 Pa. Superior Ct. 95, 163 A. 655, and cases cited. There was no mistake of fact. The claimant knew the extent of his injury. There was no later development which indicated that he did not have that knowledge. There is no evidence that there was a mistake of law. We, therefore, conclude that the plaintiff cannot recover on the ground that there was a mistake of law or fact at the time the receipt was signed. He may, however, not be with-out remedy. If he can prove that there was fraud,

coercion, or other improper conduct at the time the receipt was signed, he can still come under the provisions of Section 434 of the act. If his statement be true, it may not have been the proper thing for the doctor to insist upon this ignorant man signing a final receipt without a knowledge of its contents and with the facts present showing that he had not entirely recovered and was still partially disabled.

The referee has not found that there was fraud in the procuring of the receipt. The only finding was that there was a mistake of fact or law and as we have indicated, there was not sufficient evidence produced to sustain this contention.

The petition may be amended alleging, if warranted by the facts, that there was improper conduct in the obtaining of the final receipt. If that fact appears, then there may be proof that there was no intervening cause to account for the claimant's present condition, but that it resulted from the accident. We suggest that in the investigation it may be desirable to have the injury to the leg described with more particularity in regard to its character, extent and locality.

The judgment is reversed, the record is remitted to the court below to the end that it may be by that court remitted to the board for further proceedings.