Zavatskie *v.* The Phila. & Reading Coal and Iron Co., Appellant.

Argued December 9, 1931.

Before TREXLER, P. J., KELLER, LINN, GAWTHROP, CUNNINGHAM, BALDRIGE and STADTFELD, JJ.

*Penrose Hertzler,* and with him *B. D. Troutman* and *John F. Whalen,* for appellant.

*Roger J. Dever,* for appellee.

OPINION BY KELLER, J., March 5, 1932:

The claimant was injured on April 26, 1926, and received compensation. He returned to work on August 4, 1926 and seven days later signed a final receipt. On April 28, 1930 he filed a petition to review his compensation agreement alleging that he had signed the final receipt before he had fully recovered from the injury.

As his petition for a review was not filed until nearly four years after the filing of the final receipt, the employer claims he is barred by the limitation prescribed by the Act of April 13, 1927, P. L. 186, amending section 413 of the Workmen's Compensation Act and providing that except in the case of eye injuries no agreement or award shall be reviewed or modified or reinstated unless a petition be filed with the Board within one year after the date of the last payment of compensation.

We held in Johnson v. Jeddo Highland Coal Co., 99 Pa. Superior Ct. 94, that the limitation above prescribed did not apply to agreements "procured by the fraud, coercion or other improper conduct of a party" or those "founded upon a mistake of law or of fact," covered by the first paragraph of section 413 as amended, but was in force and effect as to petitions to review and reinstate a compensation agreement on all other grounds including increase or recurrence of the injured employee's disability, covered by the second paragraph of the section.

The question raised by this appeal is whether the claimant's case comes under the limitation prescribed above, which is concerned with matters covered by the

second paragraph of the section, or is excepted from it because the agreement was terminated by a mistake of fact, within the meaning of the first paragraph of the section.

The claimant is now paralyzed on the right side and unable to work, but the evidence in the case is clear that this was not his condition when he signed the final receipt and went back to work. The medical testimony on behalf of the claimant is conclusive that his present condition of paralysis is due to changes and developments which have occurred since the final receipt was signed; that there has been a progressive development, as respects his physical condition,— aggravated to some extent by his return to work— which culminated in his present condition of paralysis and its consequent disability. As the doctor put it: "I think the pressure brought by the injury gradually increased and caused that paralysis." This doctor did not see him until July 22, 1929.

We pointed out in the Johnson case, supra, that to justify a review and reinstatement of the compensation agreement after more than a year following the last payment of compensation, the disability of the claimant now relied on must have existed at the time the receipt was signed and not have been the result of subsequent developments from the injury (p. 98); that disability, or increase of disability, due to later developments resulting from the injury was within the limitation of one year fixed by the second paragraph of section 413. We emphasized this fact in the case of DeJoseph v. Standard Steel Car Co., 99 Pa. Superior Ct. 497, where we held that the mistake of fact which takes a case out of the limitation prescribed by the Act of 1927, supra, if referable to the physical condition of the claimant, must not be one relating to changes which have occurred in his physical condition since the agreement was made; that present

disability as a consequence of developments growing out of the injury, or physical degeneration resulting from it, is within the limitation prescribed and must be presented as a cause for reviewing the agreement within a year after the last payment of compensation. That was the purpose of the amendment. If not applied to disability resulting from changes or developments in the claimant's physical condition, due to the injury, but arising, recurring, or increasing after the termination of the agreement, the limitation would have little or no effect, for in practically every case the claimant could set up an alleged mistake of fact of that character, and the remedy sought to be applied by the legislature in prescribing a limitation would be nullified. The legislature, for the reasonable protection of the employer, has fixed a period beyond which agreements cannot be reviewed except for the matters reserved in the first paragraph of section 413, and they relate to a fact or condition existing at the time the agreement sought to be reopened was made, and not to subsequent changes, developments or increase of disability arising out of that condition.

The case, in our opinion, is ruled by DeJoseph v. Standard Steel Car Co., supra.

The 4th, 5th, 6th, 7th, 8th and 9th assignments of error are sustained. The judgment is reversed and the petition to review dismissed.