Bucher *v.* Kapp Brothers et al., Appellants.

Argued May 2, 1933.

Before TREX-LER, P. J., KELLER, CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and JAMES, JJ.

*James J. Burns, Jr.*, and with him *Frank K. Will-mann*, for appellant.

*Paul A. Stuart*, for appellee.

OPINION BY CUNNINGHAM, J., July 14, 1933:

The issue in this workmen's compensation case arose under a petition, filed in behalf of Harry H. Bucher, Sr., a carpenter, formerly in the employ of Kapp Brothers, builders, to review an agreement for the payment to him of compensation for an accidental injury suffered in the course of his employment.

The proceedings before the compensation authorities, which need not be detailed, resulted in the reinstatement of the agreement as of February 25, 1931, and an award of compensation from that date, to continue, within the limitations of the act, so long as his disability remained unchanged. Upon appeal by the employers and their insurance carrier to the court below, their exceptions were dismissed and judgment was entered upon the award; from that judgment we have this appeal.

The judgment must be reversed because an examination of the record discloses that it is founded upon an erroneous construction and application of the provisions of Section 413 of the Act of June 26, 1919, P. L. 642, (amending the Workmen's Compensation Law of June 2, 1915, P. L. 736) as amended by the Act of April 13, 1927, P. L. 186, 194.

The history of the case may be thus summarized: On September 17, 1928, Bucher was injured by being struck by a piece of lumber and suffered a "bruise and squeezing of the right thigh." On October 1, 1928, an open agreement was entered into providing for the payment of compensation for total disability, at the rate of $15 per week, from September 25, 1928.

On December 4, 1928, he returned to work and under date of February 14, 1929, executed a final receipt.

On January 29, 1931, while working for a different employer, he received an additional injury—a strain of the back—and was paid compensation by that employer up to and following February 25, 1931. On that date he was confined in a hospital and it was found, upon opening his leg, that he was suffering from chronic osteo-myelitis of the right femur.

More than two years after the last payment of compensation by Kapp Brothers and the execution of the final receipt, viz., on March 11, 1931, his wife, Hannah M. Bucher, (improperly designated as claimant in this record) presented to the board, in his behalf, a petition praying for a "review [of] the said agreement as provided in Section 413 of the Workmen's Compensation Act of 1919." The ground for the petition, as stated therein, reads, "About two years ago they did not find out what was the matter with him ...... He is now in the St. Francis Hospital getting operated upon for the same leg injury."

The employers answered; (a) that the then existing physical condition of Bucher was not the result of the injuries sustained while employed by them on September 17, 1928, and (b) that the statutory limitation of one year from the date of the last payment of compensation, prescribed by the amendment of 1927 to the second paragraph of section 413, was a bar to any action under the petition.

Hearings were had before the referee on August 10, 1931, and March 8, 1932. It was admitted by counsel for appellants that Bucher was totally disabled at the time of the second hearing, but liability for any additional compensation was denied.

Throughout the proceedings before the compensation authorities the petition was treated as if it had been filed, and supported by competent evidence, under the first paragraph of Section 413, which provides for

the review, modification or setting aside of an original or supplemental agreement upon proof that such agreement "was procured by the fraud, coercion, or other improper conduct of a party, or was founded upon a mistake of law or of fact."

The first paragraph of Section 413 (which is not affected by the limitation of one year) has no application to this case and the board had no authority or power to act under it. "Reinstatement" of an agreement—the action taken here—is not mentioned in, or contemplated by, this paragraph.

In Zupicick v. Philadelphia and Reading C. & I. Co., 108 Pa. Superior Ct. 165, 164 A. 731, (in which an allocatur was refused by the Supreme Court) this court in an opinion by KELLER, J., reviewed all the applicable authorities and held that the first paragraph of Section 413 relates only to the "review, and modification or setting aside of existing compensation agreements on the ground of fraud, coercion or other improper conduct of a party, or when the agreement was founded on a mistake of law or fact," and that "the mistake of law or fact contemplated by this paragraph [relates] to a fact or condition existing at the time the agreement sought to be reviewed was made."

There is no suggestion in the testimony that the agreement of October 1, 1928, was procured through fraud, coercion, or improper conduct of any kind, or that it was founded upon any mistake of law or of fact. Moreover, that agreement was terminated by the parties, as evidenced by the final receipt.

On the other hand, it is clear, under all the testimony, that the real ground upon which the petition was based, and upon which the compensation authorities acted, was that the disability of the injured employe had recurred and increased.

The board, after considering the evidence applicable to the question whether the disability resulted from the first or the second accident, made this finding:

"We are of the opinion that there is sufficient direct competent testimony to support the contention of the claimant that his present disability is the result of the accident received while in the employ of the defendant."

This, necessarily, brought the petition under the second paragraph of Section 413, and, as the injury was not an eye injury, the agreement could be reinstated only upon a petition filed with the board "within one year after the date of the last payment of compensation."

If this limitation seems to work a hardship in some cases, the remedy is with the legislature; neither the compensation authorities nor the courts may disregard the clearly expressed legislative intent. The petition in this case should have been dismissed because the statutory period, within which relief might have been granted under it, had expired.

The referee and board have improperly injected another feature into this case—the inquiry whether the final receipt was founded upon a mistake of fact.

The setting aside of a final receipt, upon proof that it was procured by fraud, coercion, or other improper conduct of a party, or was founded upon a mistake of law or of fact, is provided for and controlled by Section 434.

No reference was made in the petition to this section, nor were any facts averred therein which would justify any action thereunder. Although Sections 413 and 434 are plainly intended to provide separate and distinct forms of relief—the former relating to agreements or awards and the latter only to final receipts— a tendency to confuse them, both in pleading and practice, has developed in the consideration and disposition of compensation cases.

As this court remarked in Savidge v. Dime T. & S. Co. et al., 108 Pa. Superior Ct. 333, 164 A. 734, a prayer to set aside a final receipt is not properly a

part of a petition for relief under Section 413, because that section applies only to agreements or awards and contains no reference to final receipts. If relief is sought under the first paragraph of Section 413, no final receipt is involved because that paragraph applies only to agreements which have not been terminated; if relief is granted under the second paragraph of Section 413, the final receipt automatically disappears from the case. When a claimant contends that a final receipt was improperly procured or founded upon a mistake of law or fact, the petition should contain averments bringing it within Section 434.

In endeavoring to administer this law in accordance with its intent and spirit, we have repeatedly said that when the petition states a legal ground for relief, we will consider it as filed under the section authorizing the granting of the relief sought, regardless of the section number specified in the petition.

Accordingly, we have examined the testimony in this case for the purpose of ascertaining whether there appears therein any ground for setting aside the final receipt under Section 434, which section is not subject to the limitation of one year.

When the record is read in the light of the principles enunciated in Shuler v. Midvalley Coal Co., 296 Pa. 503, 146 A. 146, we find it devoid of any competent evidence which would support a finding that the final receipt was founded upon any mistake within the contemplation of Section 434.

Indeed, there is serious controversy as to whether the employe's present disability resulted from the original accident of September 17, 1928, but there is evidence to support the finding that it did.

Giving the employe the benefit of every conflict in the evidence, the strongest inference deducible therefrom is that his disability recurred and increased, within the meaning of the second paragraph of Section 413 and to such extent, that the compensation

authorities might have been justified in reinstating the agreement, as therein provided for, if the petition had been filed within the specified time limit.

The first, second and fourth assignments must be sustained.

Judgment reversed and here entered in favor of the defendants.