Busi *v.* A. & S. Wilson Company et al., Appellants.

Argued May 4, 1933.

Before TREXLER, P. J., KELLER, CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and JAMES, JJ.

*Murray J. Jordan,* and with him *Fred J. Jordan,* for appellant.

*Jacob A. Markel,* for appellee.

OPINION BY CUNNINGHAM, J., July 14, 1933:

On May 24, 1929, Joseph Busi, a cement finisher, then in the employ of the A. & S. Wilson Company, contractors, suffered an accidental sprain of his back while lifting a heavy cover off a manhole in the course of his employment.

Under an agreement, approved by the board, he was

paid compensation for total disability up to August 16, 1929, upon which date he executed a final receipt and returned to work for other employers. He worked irregularly until October 15, 1930, when he was obliged to quit because a tubercular condition of his first three lumbar vertebrae had developed and necessitated an operation. It was at least partially successful and his condition has shown improvement.

On February 5, 1931, more than one year after the last payment of compensation under the agreement, Busi filed with the board his petition "to review the said agreement as provided in Section 413 of the Workmen's Compensation Act of 1919." The petition contained the following averments: "And as the ground of this petition I allege that the said agreement was based upon the hereinafter stated mistake. At the time that I signed the final receipt the extent of my disability could not be fully ascertained. And in support of the above allegations I state the following facts: That I have tried to work but am unable. I can produce medical testimony to show that I am unable to work." His employer answered, denying the allegations of the petition and pleading the bar of the statutory limitation of one year after the date of the last payment of compensation, applicable to the second paragraph of the section under which the petition was filed.

Three hearings were held before the referee upon the issues raised by the petition and answer. Under date of April 29, 1932, the referee found, inter alia, that, although the claimant some months previous to May 24, 1929, fell a distance of about eighteen feet from a ladder, the accident of that date was "a material contributing factor in the production of the tubercular condition of the vertebrae;" he, thereupon, "reinstated" the agreement as of October 16, 1930, and awarded compensation for total disability to be resumed from that date and to continue, within the limi-

tations of the act, so long as claimant's disability remained unchanged.

Upon the employer's appeal to the board, that tribunal, after considering the testimony taken before the referee, reversed the action of the referee and substituted the following findings: "The record in this case does not disclose a fair preponderance of credible testimony in favor of claimant's [contention], so that we can find that the present condition from which the claimant is suffering is the result of the accident of May 24, 1929; therefore, we are compelled to find that the alleged accident for which compensation has already been paid is not the cause of the present condition of the claimant. Therefore, we set aside the findings of fact, conclusions of law and order of the referee and sustain the appeal."

Claimant thereupon appealed to the court below. In an opinion, filed February 10, 1933, it reversed the action of the board, adopted the findings of fact and conclusions of law of the referee, and entered judgment thereon. From the judgment thus entered we have the present appeal by the employer and the insurance carrier.

It is expressly stated in the opinion of the court below that the judgment is based upon the first paragraph of Section 413 of the Act of June 26, 1919, P. L. 642, (amending the Workmen's Compensation Law of June 2, 1915, P. L. 736) as amended by the Act of April 13, 1927, P. L. 186, 194, which provides for the review, modification or setting aside of an original or supplemental agreement upon proof that such agreement "was procured by the fraud, coercion, or other improper conduct of a party, or was founded upon a mistake of law or of fact."

The fundamental error which requires the reversal of the judgment is that the first paragraph of Section 413 has no application to this case; that paragraph provides only for the review, modification, or setting

aside of an agreement in existence at the time the petition is filed, and the mistake of law or fact contemplated by the paragraph is a mistake which existed at the time the agreement sought to be reviewed, modified, or set aside, was made: Zupicick v. Phila. & Reading C. & I. Co., 108 Pa. Superior Ct. 165, 164 A. 731; Bucher v. Kapp Bros. et al., 110 Pa. Superior Ct. 65, 167 A. 652.

In the Zupicick case, KELLER, J., speaking for this court, reviewed and considered all the applicable authorities, and in the Bucher case we referred to the prevalent tendency to confuse the first and second paragraphs of Section 413 with each other, and to confuse that section with Section 434, which provides for the setting aside of a final receipt upon proof that it was procured by fraud, coercion, or other improper conduct of a party, or was founded upon a mistake of law or fact.

Section 413 applies only to agreements and awards; it contains no reference to final receipts; they are governed by section 434.

The order upon which the judgment appealed from is based was an order directing the "reinstatement" of the agreement. The first paragraph of Section 413 does not refer in any way to the "reinstatement" of a compensation agreement, because, as stated, it contemplates only the review, modification, or setting aside of an existing agreement.

When the real purpose in filing this petition and the substance and character of the relief sought thereunder are taken into consideration, it is apparent that the controlling questions for consideration and disposition by the compensation authorities, subject to review upon questions of law by the courts, were whether the disability, from which claimant was suffering on October 15, 1930, was attributable to the accident of May 24, 1929, and, if so, whether the petition was filed in time. Obviously, this is a case of an alleged change

in the claimant's physical condition since the agreement was terminated, i. e., an alleged recurrence of, and possibly an increase in, disability.

The second paragraph of Section 413 provides, inter alia, for the "reinstatement" of a compensation agreement upon proof of such change in the employe's physical condition, but, except in the cases of eye injuries, "no agreement or award shall be reviewed, or modified, or reinstated, unless a petition is filed with the board within one year after the date of the last payment of compensation, with or without an agreement."

The referee and the board, after considering the same evidence, arrived at opposite conclusions upon the question whether there was a causal connection between the accident of May 24, 1929, and the disability from which the claimant was admittedly suffering by October 15, 1930. The court below was of opinion that the finding of the board, to the effect that there was no such connection, was based upon "an erroneous conception of the testimony," and that there was sufficient competent evidence before the referee to justify his finding of fact.

If we assume, for present purposes, that the court below did not exceed its powers in dealing with the testimony and that there was competent evidence to sustain the conclusion of the referee, we have a case clearly within the second paragraph of Section 413, and, as the petition was not filed within the statutory limitation prescribed by the legislature as applicable to that paragraph, it should have been dismissed.

We have not overlooked the fact that the agreement in this case was not executed until after a claim petition had been filed and that it bears the same date as the final receipt for the compensation therein specified. This is not material because the primary reason which prevents the application of the provisions of the first paragraph of Section 413 is the fact that the agree-

ment had been terminated long before the petition was filed.

In the administration of this humane legislation, it is not the policy of this court to impale a deserving claimant upon technicalities of pleading, or a mistake in filing his petition under an inapplicable section of the act, provided he adduces evidence showing that he is entitled to relief under any of its provisions. Therefore, if the testimony in this case so warranted, we would treat this petition as if filed under Section 434 to set aside the final receipt, under which section it would not be subject to the limitation of one year attached to the second paragraph of Section 413.

The extent of the burden of proof resting upon a claimant who seeks to set aside a final receipt, as well as the character of evidence necessary to sustain that burden, are set forth by our Supreme Court in Shuler v. Midvalley Coal Co., 296 Pa. 503, 507; 146 A. 146. It is there stated that, while courts have been very generous as to the character of evidence sufficient to establish causation, when initial compensation depends upon it, the quantity and quality of evidence necessary to overthrow a final receipt upon, for instance, the ground of mistake must be such as to make it certain to the trier of facts that the mistake existed, and, where the disposition of the question depends upon the opinion of experts, their testimony must be as direct and positive as expert and professional testimony can be made. When this test is applied to the evidence in this case, it falls far short of establishing that the final receipt was founded upon any such mistake of fact as is contemplated by Section 434.

The conclusion of the referee, adopted by the court, that the final receipt was founded upon a mistake of fact, seems to be based upon the statement of the claimant that " [he] did not know [he] was not going to be able to continue to work," and that the pain in his back returned from time to time.

There was no evidence that claimant had tuberculosis of the spine when the receipt was signed. Indeed, Dr. J. E. Weigel, the physician called by claimant to attend him immediately after the accident, testified his examination disclosed that claimant had "strained the muscles of his back," but he found no evidence of tuberculosis in his spine, or in any part of his body. Counsel for claimant, in his brief, construes the evidence of the medical experts, upon whose testimony he relies, as indicating "that the tubercular condition of the spine was not the primary infection but the secondary infection; that it would take months to develop and that it would have been impossible to detect the tubercular condition at the time the injury was sustained."

Manifestly, this was not such proof of a mistake of fact as to bring this case within the intendment of Section 434. The medical testimony, read in the light most favorable to claimant, amounts to no more than evidence of such a recurrence of disability as would have brought this case under the second paragraph of Section 413, provided, the petition had been filed within the statutory limitation therein prescribed.

Under the conclusions we have reached and stated, it is unnecessary to consider appellants' contention that the court below undertook to weigh the evidence and determine what inferences were properly deducible therefrom, and thereby usurped the functions of the board.

The first assignment of error is sustained; the judgment is reversed and here entered for defendants.