Yanasavage, Appellant, *v.* Lehigh Nav. Coal Co.

480

Argued December 11, 1933.

Before Trexler, P. J., Keller, Cunningham, Baldrige, Stadtfeld, Parker and James, JJ.

*Roger J. Dever,* for appellant.

*George H. Kaercher,* and with him *F. S. Riordan* and *William Jay Turner,* for appellee.

Opinion by James, J., March 13, 1934:

This is an appeal by the claimant from the order of the court of common pleas of Schuylkill County, sustaining an appeal from an order of the Workmen's Compensation Board, which had sustained the action of the referee in setting aside a final receipt on the ground of mistake of fact, and in reinstating the compensation agreement.

On March 12, 1930, claimant was injured while employed as a miner by defendant. A claim petition was

filed by him, in which it was alleged that "while drilling a hole, a piece of coal fell on right side, resulting in contused and lacerated wounds, right side of back." A compensation agreement was entered into, under which agreement compensation was paid to May 5, 1930, and on May 28, 1930, a final receipt for compensation paid was executed by claimant. On November 14, 1931, claimant filed a petition for reinstatement of his agreement, alleging as follows: "And as ground for this petition I allege that subsequent to the said May 5, 1930, my disability recurred in the following manner and to the following extent: was injured with a fall of coal at No. 8 Colliery on March 10, 1930, was on compensation until May 5, 1930. Went back to work as a consideration miner for eight days and then went back as a contract miner and worked up to June 30, 1931. My left hip became such that I am unable to work. Went to Coal Dale Hospital on July 6th and was taken in the hospital as a patient on October 26, 1931. I am in the hospital now." An answer was filed denying that his left hip was injured at any time and averring that the statute of limitations had run and his final receipt was signed more than a year previous to the petition without fraud or mistake.

The testimony discloses that on March 12, 1930, the claimant, while in a kneeling position, drilling a hole, was struck by a piece of coal which fell on his right side, resulting in contused and lacerated wounds, right side of back, posterior part. On the same day claimant was treated by Dr. W. H. Hinkle, who found him suffering from injuries on the right side, but made no examination of the left hip; that some days later, claimant complained of pains in his back on the left side and an x-ray of the left hip was made on April 7, 1930, but the picture did not disclose any injury, but rather a normal hip. The doctor continued the treatment for the injuries to the right side until May

3, 1930, when claimant returned to work. He continued work until June 30, 1931, during which time the pain in his left hip continued.

On the 6th day of July, 1931, claimant was admitted to a hospital and on the 9th day of July was operated upon. He was found to be suffering from destruction or necrosis of the great trochanter of the left femur. Later, he was operated upon during the month of October, 1931. Defendant's physician testified that although he examined claimant's left hip and had an x-ray made he found no evidence of an injury but that his present condition is a typical condition following an injury; that there could have been damage that might lead to a decayed bone which could not be determined by an x-ray examination and that he does not know now of anything but the accident that is causing this hip condition; and that the injuries to the right side did not have anything to do with the symptoms complained of in the left hip in 1931. One other physician for the defendant and claimant's physician, basing their opinions upon the testimony of the claimant that the left hip was injured, stated the accident was responsible for the present condition.

In passing upon the petition to reinstate the compensation agreement we are not bound by the form used in seeking relief but shall determine the question on the grounds that have been proved. The language of PARKER, J., in McKissick v. Penn Brook Coal Co., 110 Pa. Superior Ct. 444, 448, 168 A. 691, is particularly applicable. "Technical rules of pleading do not apply to these proceedings: Gairt v. Curry Coal Min. Co., 272 Pa. 494, 116 A. 382. We will, therefore, consider the pleadings in a light most favorable to the claimant. The claim can not be sustained under the first paragraph of Section 413 of the Workmen's Compensation Act, because that paragraph applies only to existing compensation agreements: Zupicick v. P. &

R. C. & I. Co., 108 Pa. Superior Ct. 165, 168, 164 A. 731. On the other hand, if the application to reinstate is treated as if made under the second paragraph of that section, then it comes too late because it was not filed with the board within one year after the date of the last payment of compensation: Act of June 2, 1915, P. L. 736, Art. IV, Sec. 413, as amended by Act of April 13, 1927, P. L. 186, Sec. 6 (77 PS 772). This leaves for consideration the question as to whether the petition may be maintained under Sec. 434 (77 PS 1001). If it is presented under that section it can be maintained only by showing that the final receipt 'was procured by fraud, coercion, or other improper conduct of a party or is founded upon a mistake of law or of fact,' and it must have been on account of a fact existing at the time the receipt was signed."

We are convinced from an examination of the testimony that the court was unwarranted in holding that the mistake of fact as found by the referee and Workmen's Compensation Board did not exist at the time the final receipt was signed. After complaint was made by the employee, defendant's physician made an examination of the left hip and was unable to discover any injury while the subsequent operation indicated clearly that the employee had suffered an injury on his left side which was caused by the accident. The fact that a diagnosis and x-ray examination did not disclose the injury to the left hip indicates very clearly that on May 3, 1930, when defendant's physician ceased treating the employee and the employee returned to work, both the physician and the claimant were under the opinion or belief that no injury had been suffered on the left side. The mental conception of the employee that the left hip was sore and troubling him did not overcome the positive assurance by defendant's physician that the hip had not been injured. The presence of pain alone would not

establish that an injury had been inflicted upon the hip itself and claimant was justified in relying upon the opinion and judgment of the physician that no injury had been inflicted. Under all the testimony, the referee and the board were justified in finding that the final receipt was based upon the assumption that the injury to the claimant did not include an injury to the left hip.

In the case of McKissick v. Penn Brook Coal Co., supra, which is the latest case wherein we have discussed the question of mistake of fact under Section 434, the claimant signed a final receipt for an injury which consisted of a slight concussion of the brain and partial dislocation of the right shoulder. On an application for reinstatement of the compensation agreement, made more than three years later, the testimony disclosed, by an x-ray examination, that instead of suffering a slight concussion at the time of the accident, there had been a depressed fracture of the right frontal bone and fracture of the base of the skull. We held that the mistake was as to a fundamental fact which formed the basis of the action of the parties with reference to the final receipt and that the resulting disability was not a recurrence or later development of an injury assumed to exist at the time the receipt was signed but that such disability was the result of the fracture of the skull which was not known to exist until the x-rays were taken. In the instant case, the x-ray did not disclose any injury but upon an examination at the hospital, many months after, it was discovered that the claimant was suffering from necrosis of the great trochanter of the left femur, which injury was the result of the accident in March, 1930.

Considerable stress was laid by the court below that this case is controlled by DeJoseph v. Standard Steel Car Co., 99 Pa. Superior Ct. 497 and Zavatskie v. P.

& R. C. & I. Co., 103 Pa. Superior Ct. 598, 159 A. 79. Both of those cases involve disabilities resulting from changes or developments growing out of the original injuries contemplated under the compensation agreement. In the instant case, the claimant undoubtedly is now suffering from changes in, or developments from an injury suffered in an accident and from an injury that the claimant was actually suffering from at the time the final receipt was signed but which was unknown to either the claimant or his employer. Under these facts this case is brought within the mistake of fact contemplated under Section 434.

The judgment is reversed, and the record is remitted to the court below with instructions to enter judgment in favor of the claimant for the amount stated in the award.