Shetina *v.* Pittsburgh Terminal Coal Corporation,
Appellant.

Argued April 24, 1934.

Before Trexler, P. J., Keller, Cunningham, Baldrige, Stadtfeld, Parker and James, JJ.

*Sidney J. Watts* of *Baker & Watts,* for appellant.

*Murray J. Jordan,* and with him *Fred J. Jordan,* for appellee.

OPINION BY KELLER, J., July 13, 1934:

This case must be reversed and sent back to the Workmen's Compensation Board, because of the failure of the referee in making up the record for transmission to the board, on appeal, to include in it the answer filed by the defendant; which led the board to assume that the relevant and material averments in the claimant's petition to review and reinstate his compensation agreement were not denied, and were therefore admitted (Act of June 26, 1919, P. L. 642, sec. 416, p. 662); whereas the material averments, on which the prayer for relief was based, were denied, and it was the duty of the board on appeal to find the facts from the evidence in the case, and not to assume them from the pleadings. An examination of the original paper filed as an answer to the claimant's petition and its record of filing by the referee satisfies us that it was filed within ten days after service on the defendant (Act of June 20, 1883, P. L. 136) of a copy of claimant's petition to review and reinstate his compensation agreement, and hence, pursuant to defendant's motion, we ordered it to be made a part of the record. With the answer so included the order of the board cannot stand for the reasons hereinafter pointed out.

The claimant, while working as a miner in defend-

ant's Coverdale (Pennsylvania) mine, was injured July 26, 1929. An open agreement of compensation was entered into between him and defendant on August 26, 1929, in which it was stated that while claimant was loading coal in a car a motor pushed a loaded car against the car he was loading and he was squeezed between the car and the face of coal, bruising his pelvis and right arm. His compensation was fixed at $13 per week beginning August 2, 1929. This agreement was approved by the board on September 5, 1929.

On October 7, 1929 the claimant executed a final receipt.

On September 14, 1932 claimant filed with the board at Harrisburg his petition asking for a review of said agreement under section 413 of the Workmen's Compensation Act, as amended by Act of 1919, supra. As ground for "review" he stated: "At the time I signed final receipt I did not know the extent of my injuries. I was still disabled and did not know what I was signing, nor was it explained to me. I returned to work because defendant's representatives ordered me to do so, even though I was still disabled and worked in pain until unable to continue ...... My disability has been continuous and I did not seek to have compensation reinstated because of my ignorance of the law. I am permanently crippled and disabled as a result of my injuries of July 26, 1929."

Considered as a petition to review under paragraph 2 of section 413, it was filed too late (Act of April 13, 1927, P. L. 186, sec. 6, amending sec. 413, p. 195); but the relief he really sought was to set aside the final receipt under section 434, and construing the petition in the liberal and humanitarian viewpoint intended by the legislature, we shall so consider it. On September 15, 1932, this petition was assigned by the board by mail to Referee Sloan, at Pittsburgh, to be heard by him, and the same day notice of the petition

was mailed from Harrisburg to the defendant at Pittsburgh, enclosing a copy. In ordinary course of mail this notice would have been received by defendant at Pittsburgh the next day, September 16, 1932. The assignment to the referee was received that day. On September 26, 1932, within the ten days after service fixed by section 416, as amended by the Act of 1919, the defendant filed with the referee (see sec. 416) its answer denying specifically the basic averments in claimant's petition. The referee's official stamp on the answer shows it was received by him on September 26, 1932. It does not appear that a copy of the answer was served on the claimant; but if so that was the fault of the referee, and not of the defendant, for by section 417, as amended by the Act of 1919 (p. 662), it is provided, "The Secretary, if the petition has been directed to be heard by the board, or *the referee to whom the petition has been assigned*, shall serve upon all parties in interest a notice of the time and place of hearing, and *shall serve upon the petitioner a copy of any answer of any adverse party*."

A hearing was duly had, at which testimony was taken which it is not necessary for us to consider now.

The referee filed his findings of fact, among them, finding 5, as follows: "Now comes claimant on September 12, 1932 [the date of the petition—it was filed September 14, 1932] with a petition to review and reinstate alleging he didn't know the extent of his disability when he signed the final receipt, *to which defendant makes denial*." [Italics supplied] This, in effect, recognized that the answer had been filed.

The referee concluded that claimant was entitled to have the final receipt set aside and awarded him compensation for partial disability at the rate of $2.10 per week beginning October 8, 1929.

The claimant appealed, and the record was sent to

Harrisburg, but by some error the answer of the defendant was not included with the record.

On consideration of the evidence taken before the referee and without further testimony, the board set aside in part the findings and award of the referee and instead thereof awarded the claimant because of partial disability the sum of $2.10 per week from October 8, 1929 to May 31, 1931, and thereafter compensation of $13 per week as fixed in the agreement for total disability. The foundation for this award by the board is contained in the following finding: "Since there has been a mistake of law or fact claimed by the claimant and this is not denied by the defendant, we are compelled to sustain the findings of the referee that it was a mistake and that the final receipt should be set aside."

The defendant appealed to the court of common pleas which sustained the board and entered judgment for the claimant. Defendant has appealed.

The action of the board in sustaining the finding of the referee that the final receipt was signed by mistake was clearly based on the alleged failure of the defendant to deny the averments contained in the petition; whereas in fact denial had been made by the defendant, and it was the duty of the board to find the facts from the evidence taken before the referee, or additional testimony if deemed necessary, and decide whether the facts so found warranted the conclusion that the final receipt had been signed by mistake within the meaning of that term as construed by the courts.

That does not mean that if, without fraud or coercion on the part of his employer or his representative, an employe signs a final receipt believing he has recovered from his disability, and it subsequently develops, but more than a year thereafter, that his disability recurs, there is such a mistake of law or fact

as entitles him to set aside a final receipt and reinstate the compensation agreement. Such a case comes squarely within the second paragraph of section 413 as amended by the Acts of 1919 and 1927, and action is barred if the petition is filed more than a year after the final receipt was signed: Bucher v. Kapp Bros., 110 Pa. Superior Ct. 65, 167 A. 652. But if, for example, both parties were under the impression that the injury consisted of a blow on the head, causing slight concussion of the brain, and it subsequently developed that the skull was fractured, causing total disability over a year after the final receipt was signed, but within 500 weeks of the award of compensation (McKissick v. Penn Brook Coal Co., 110 Pa. Superior Ct. 444, 168 A. 691) that would be a mistake within the meaning of the act. So if compensation was claimed and allowed for an injury to the right side and afterwards it developed that in the same accident injury had been inflicted to the left hip, which had been overlooked by both the claimant's doctor and the employer's doctor, which later resulted in total disability, (Yanasavage v. Lehigh Navigation Coal Co., 112 Pa. Superior Ct. 479, 171 A. 404) that too would be a mistake within the act. Or if any fraud, coercion or other improper conduct was practised by the company's agents or physicians, which induced the signing of the final receipt by the claimant when he was in fact still suffering disability, (Palino v. Hazle Brook Coal Co., 112 Pa. Superior Ct. 15, 19, 171 A. 82) that would justify the setting aside of a final receipt more than a year after it had been signed. The "mistake of fact" contemplated by the act refers to a fact which existed at the time the final receipt was signed: Busi v. A. & S. Wilson Co., 110 Pa. Superior Ct. 95, 99, 167 A. 655; not to a subsequent development from an injury which was thought to be healed, or to claimant's

own belief that his disability had ceased, which was later disproved by the subsequent course of events.

We call attention to these matters that the board may consider them in determining whether the evidence taken, or which may be taken, brings the case within the class of mistake of law or fact, or shows only a recurrence of disability provided for under paragraph two of section 413.

The judgment is reversed and the record is directed to be returned to the Workmen's Compensation Board for further proceedings in accord with this opinion.