## Giana *v.* Byllesby Engineering and Management Company, Appellant.

Argued April 23, 1936.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADT-FELD, PARKER, JAMES and RHODES, JJ.

*James J. Burns, Jr.,* of *Willmann, Burns & Sack,* for appellant.

*J. P. Patterson* and *S. G. Alter,* for appellee, were not heard.

OPINION BY KELLER, P. J., July 10, 1936:

The defendant appealed to the court of common pleas from an order of the Workmen's Compensation Board, made September 6, 1934, granting a rehearing of claimant's petition for compensation for injuries alleged to have been sustained by him on November 24, 1929, while in the course of his employment with defendant. The court dismissed the appeal as premature. We agree with the court below that an appeal does not lie from such an interlocutory order. We are satisfied, moreover, that the order was within the discretionary power of the Board.

Claimant's petition for compensation, filed November 25, 1929, was disallowed on August 8, 1930. An appeal was taken to the Board on August 16, 1930, and on November 22, 1930 the referee's order disallowing compensation was affirmed by the Board.

On January 17, 1931, less than two months after the Board's action, the claimant filed a petition for a rehearing with the Workmen's Compensation Bureau at Pittsburgh. It was received by the Board at Harrisburg on January 31, 1931. Through some oversight on the part of the Board, due probably to a change of personnel on February 19, 1931, this petition escaped the attention of the Board and was not acted on until September 6, 1934 when the rehearing was granted. No notice of the filing of the petition for rehearing was served on the defendant by the secretary of the Board, whose duty it was to do so under Section 414 of the Act as amended by Act of June 26, 1919, P. L. 642. These circumstances, however, were due to no fault or neglect of the claimant and he should not be visited with the consequences of the Board's oversight or neglect. He did all that the Act required him to do, and the Board can do now what it might have done then. See Shetina v. Pittsburgh Terminal Coal Corp., 114 Pa. Superior Ct. 108, 111, 173 A. 727; Horton v. West Penn Power Co., 119 Pa. Superior Ct. 465, 180 A. 56.

Claimant's rights under his petition for a rehearing, which was filed in time, but overlooked by the Board, cannot be affected by the discharge of subsequent proceedings on his behalf on the erroneous assumption that no petition for a rehearing had been filed within the time limited by statute[1] and the matter had therefore been finally adjudicated and determined adversely to him.

The Board, in allowing a rehearing, made no ruling on the merits of the case, and our action herein is not to be construed as an expression of opinion on anything but the point of practice involved.

The order is affirmed.

---

[1] Sec. 426 of the Workmen's Compensation Act, as amended by Acts of June 26, 1919, P. L. 642, and April 13, 1927, P. L. 186, p. 196.