## Lowe v. Harrisburg Railways Co.

*Homer L. Kreider*, for claimant.
*Snyder, Hull, Hull & Leiby*, for defendant.

WICKERSHAM, J., December 21, 1936.—This case comes before us on an appeal from the order of the Workmen's Compensation Board awarding compensation to plaintiff.

It appears from the evidence heard by the referee of the compensation board that plaintiff is the widow of H. S. Lowe, deceased, who was an employe of the Harrisburg Railways Company, and who was injured on January 8, 1931; that he received compensation until August 31st of that year, when he signed a final release; that he resumed his usual employment with the railways company thereafter until he died, on April 3, 1934, from endocarditis, which developed because of the injury, as found by the referee and approved by the board, leaving to survive him plaintiff, his widow, and three children under the age of 16 years.

It is now contended by counsel for defendant that the release was final and conclusive, not only upon the husband of plaintiff, but upon his dependents. Disregarding this release, the referee awarded compensation to the

widow and children, from which award the pending appeal was taken.

## Questions involved

1. A final receipt having been executed by H. S. Lowe, and no proof that the final receipt was procured by fraud, coercion, or other improper conduct of defendant and no proof that it was founded upon a mistake of law or fact having been offered, is claimant entitled to recover?

2. Has claimant offered competent evidence that the accident of January 8, 1931, was the proximate cause of the death of H. S. Lowe on April 3, 1934?

## Discussion

Section 413 of The Workmen's Compensation Act of June 2, 1915, P. L. 736, as amended by the Act of April 13, 1927, P. L. 186, 194, provides, inter alia:

"The board, or a referee designated by the board, may, at any time, review and modify or set aside an original or supplemental agreement, upon petition filed with the board or in the course of the proceedings under any petition pending before such board or referee, if it be proved that such agreement was procured by the fraud, coercion, or other improper conduct of a party, or was founded upon a mistake of law or of fact. . . .

"The filing of a petition to terminate or modify a compensation agreement or award as provided in this section shall operate as a supersedeas, and shall suspend the payment of compensation fixed in the agreement or by the award, in whole or to such extent as the facts alleged in the petition would, if proved, require."

It does not appear from the evidence that a petition was filed under said section, to review the giving of said receipt, within a year after the last payment of compensation under the agreement.

Section 434 of The Workmen's Compensation Act, as amended by the Act of June 26, 1919, P. L. 642, 669, provides:

"A final receipt, given by an employe or dependent entitled to compensation under a compensation agreement or award, reciting that the disability or dependency has terminated, shall be prima facie evidence of the termination of the employer's liability to pay compensation under such agreement or award: Provided, however, That the board, or a referee designated by the board, may, at any time, set aside a final receipt, upon petition filed with the board, if it be proved that such receipt was procured by fraud, coercion, or other improper conduct of a party or is founded upon mistake of law or of fact."

No evidence was offered that the final receipt was procured by fraud, coercion, or other improper conduct of a party, nor was any evidence offered to show that the final receipt was founded upon mistake of law or of fact. We further find from the evidence that at the time the final receipt was executed H. S. Lowe knew exactly what the condition of his heart was, as appears by the testimony of Dr. McKittrick.

In Smith v. Primrose Tapestry Co. et al., 285 Pa. 145, it was held that whether the death is immediate after an accidental injury or follows later, so long as it occurs within 300 weeks of the injury, the right of the widow to make claim accrues and continues for one year thereafter; and in such case the fact that the workman lived one year after the accident and made no claim for himself will not defeat the widow's right to file the petition after death.

Mere mistaken belief of employe and employer, when a compensation agreement is terminated by final receipt, that the employe may return to work without danger of any recurrence of disability is not a mistake of fact warranting the board in setting aside the final receipt: Reichner v. Blakiston's Son & Co. et al., 115 Pa. Superior Ct. 415. As we have heretofore stated, no petition was ever presented to set aside the final receipt terminating the employer's liability for compensation, and no attempt was

made to prove that the receipt was obtained upon a mistake of fact, and the burden was on plaintiff so to prove: Reichner v. Blakiston's Son & Co. et al., supra. A final receipt given by an employe under a compensation agreement or award is but prima facie evidence of the termination of the employer's liability to pay compensation: Lesnefski v. Coxe Brothers & Co., Inc., 113 Pa. Superior Ct. 110. A mistake of fact, as contemplated by The Workmen's Compensation Act, supra, is a fact which existed at the time the final receipt was signed: Shetina v. Pittsburgh Terminal Coal Corp., 114 Pa. Superior Ct. 108; Bucher v. Kapp Brothers et al., 110 Pa. Superior Ct. 65; Bradley v. Pioneer Oil Co. et al., 109 Pa. Superior Ct. 585, in which case it was held, on an appeal from an award of compensation, that a court of common pleas may examine the proofs to see whether legally competent evidence is present to support the findings on which the award rests; the court does not have the right to weigh the evidence to determine its probative force.

To support its position the compensation board in its opinion says, at page 5:

"This raises a question that does not appear to have been finally determined by our Pennsylvania courts, so the board must rely on the general interpretation of the relevant provisions of the act."

We do not find that the question of the effect of a final receipt has been determined, and it has not been mentioned in the cases relied upon by the board or in Smith v. Primrose Tapestry Co. et al., supra, upon which the board relies. The act determines that a final receipt given by an employe or dependent entitled to compensation under a compensation agreement or award shall be prima facie evidence of the termination of the employer's liability to pay compensation, but does not, we think, determine the rights of his dependents.

We are of opinion that when an employer and employe accept the provisions of The Workmen's Compensation Act in the manner therein provided their relations be-

come contractual and their rights are to be determined by the agreement: Liberato et al. v. Royer & Herr et al., 81 Pa. Superior Ct.. 403, 404. The terms and conditions of their agreement are the provisions of The Workmen's Compensation Act, and, as we have above indicated, one of the covenants of the agreement is that a final receipt given by an employe or dependent entitled to compensation under a compensation agreement or award shall be prima facie evidence of the termination of the employer's liability to pay compensation as provided in section 434. Liberato et al. v. Royer & Herr et al., supra, was affirmed by the Supreme Court, 281 Pa. 287, and by the Supreme Court of the United States, 270 U. S. 535. The dependents, however, have not released their rights.

Now it is contended that, while an employe may waive his own right to maintain an action for injuries, he cannot bind others and waive their right to recover damages for his death caused by negligence. With respect to this contention the Superior Court said, in Liberato et al. v. Royer & Herr et al., supra, at page 408:

"If this contention is to prevail, then it logically follows that, for the same reason, neither widow, children or parents (whether resident citizens or nonresident aliens) are bound by the contract authorized by the statute, and that such surviving parties have the right to maintain an action and recover damages for death caused by negligence, notwithstanding the provisions of the Workmen's Compensation Act, precisely as they might have done under the preëxisting law. This would plainly be the equivalent of declaring to be invalid the beneficent provisions of the statute intended to protect the interests of the dependent relatives of an employee who might be killed in an industrial accident for which the negligence of the employer was in no manner responsible. Such dependents would in every case be remitted to the uncertainty of an action at law for damages, with the consequent delay, in which the burden would be upon them to establish that the death was the result of the negligence

of the employer. The argument is unsound and fails to take into consideration the only foundation for the right of parents to maintain an action to recover damages for the death of an adult son."

This language, approved by the Supreme Court of Pennsylvania and the Supreme Court of the United States, clearly sustains the right of the employe to make a contract with his employer the terms and conditions of which are the provisions of The Workmen's Compensation Act, one of which is that a final receipt given by an employe or dependent entitled to compensation under a compensation agreement or award shall be prima facie evidence of the termination of the employer's liability to pay compensation; provided, however, that, upon petition filed, a final receipt may be set aside if it be proved that such receipt was procured by fraud, coercion, or other improper conduct of a party, or is founded upon a mistake of law or fact. As we have before stated, no petition was filed to set aside the final receipt, nor was any evidence offered that it was procured by fraud, coercion, or improper conduct, nor that it was founded upon mistake of law or fact. The Superior Court sustained this construction of section 434 in the case of Reichner v. Blakiston's Son & Co. et al., supra, where it used the following language, at page 424:

"By the express provisions of Section 434 a final receipt is prima facie evidence of the termination of the employer's liability to pay compensation".

We are of opinion that a mere mistaken belief on the part of an employe and his employer at the time an agreement is terminated by a final receipt that the employe may return to work without danger of any recurrence of disability is not the kind of mistake contemplated by section 434: Reichner v. Blakiston's Son & Co. et al., supra.

Counsel for plaintiff contends that there was ample evidence to sustain the finding of the board and we are in accord with this contention. That the husband of claimant was injured, and that because of said injury an infec-

tion entered the blood stream resulting in the endocarditis which caused his death, is clearly shown; that he signed a final receipt is not in controversy. Plaintiff claims, however, that the signing of this final receipt was not binding upon the dependents of the deceased employe; and plaintiff further contends that the facts found by the compensation board cannot be disturbed as long as there is some competent evidence to support them, and that the board's finding, supported by competent evidence, on review of the testimony taken by a referee cannot be reversed by the court, such facts and inferences therefrom being as conclusive as a jury's verdict: Kucinic v. United Engineering & Foundry Co., 110 Pa. Superior Ct. 261; Day v. Spangler, 39 Dauph. 135. This is true even though the court feels that it would have found the facts differently; it cannot disturb the board's finding if there is evidence to support it: Benson v. Jones & Laughlin Steel Co., 71 Pitts. 59; Walsh v. Pennsylvania Coal Co., 24 Lack. Jur. 291; Curran v. South Penn Collieries Co., 25 Schuyl. L. R. 292. We have examined these authorities and find they support the contention above stated. It is further contended that the credibility of witnesses in compensation proceedings is for the compensation authorities: Hercheck v. Donahoe's Inc. et al., 119 Pa. Superior Ct. 501, in which case it was held by the Superior Court that the revisory powers of the court of common pleas and of the Superior Court in compensation proceedings are limited to the determination of the question whether there is competent evidence to support the findings of fact of compensation authorities and whether the law has been properly applied to them. See also Trojanowska v. Sonman Shaft Coal Co., 123 Pa. Superior Ct. 17, and many other cases to which reference might be made.

But the important question is whether the widow and dependent children of the deceased, notwithstanding the law as we find it to be and the final receipt given by decedent, are entitled to compensation benefits. We find from

the evidence that plaintiff has complied with sections 315 and 301 of The Workmen's Compensation Act. It is contended that in the section providing for the execution of agreements of compensation, section 407, as amended by the Act of June 26, 1919, supra, sec. 6, and the Act of January 5, 1934, P. L. 229, there is no statement that agreements executed by injured employes shall be binding on dependents. On the contrary, there is a separate and distinct statement that dependents enter into their own agreements.

In Smith v. Primrose Tapestry Co. et al., supra, it appears that deceased was injured on December 9, 1921; he died on October 30, 1923, without ever having filed a claim for compensation; his rights for compensation were barred during his life, because after a year following his injury he lost his rights so to claim. In the instant case deceased's rights were similarly barred. Smith's widow, nevertheless, filed a claim as a dependent; defendant argued that since the deceased had lost his rights during his life the widow's rights were also lost, but the court held that a dependent's rights are not derivative, but are distinct and individual, and that the widow was entitled to compensation.

In 28 R. C. L. 783, the law is stated thus:

"The theory of the statute, according to this view, is that when an employe is injured or killed in course of his employment, a sum fixed by law is set off from the fund to compensate him for his injuries, or his dependents for his death, to compensate for taking away the man's right to earn a livelihood, which, but for the accident, he would have earned. A fixed sum goes out from the fund to compensate for the loss which has occurred. . . .

"The right of the dependent to compensation does not accrue until the death of the workman. It is created by the statute expressly for the dependent's benefit, and it can be modified or extinguished only by the act of the dependent, or by some one authorized to act in his or her behalf. The right is not subject to restriction or extinguishment

by any act of the employee during his lifetime. [Citing Cripps' Case, 216 Mass. 586, 104 N. E. 565, Ann. Cas. 1915B 828.] The dependent's claim, it has been held, is so far independent of the employee's right to compensation for injuries that a release executed by the employee after receiving an injury dos not bar the claim of a dependent for compensation for his subsequent death therefrom. Again, it appears that under all of the acts the dependent is entitled to compensation, notwithstanding the fact that the workman may have been receiving the statutory allowance during his lifetime, intermediate the time of the injury and the date of death ensuing therefrom."

And in 28 R. C. L. 737 it is stated:

"Similarly, a claim for compensation for the death of a workman is not barred by a release by the decedent in his lifetime, contained in his application for admission into a railroad relief association, and by a further release by his widow on receipt of the death benefit from said association." (Citing a note in L. R. A. 1916A 227.)

In Jobson v. W. Cory & Sons, Ltd., 4 B. W. C. C. (Eng.) 284, it was held that dependents are entitled to compensation upon the death of the workman although he has been receiving compensation during his lifetime; and that they are not precluded from recovering the compensation due them under the act by any action on the part of the workman, except that the employer is to be credited with any compensation which he has paid to the workman himself; and, their right to compensation not being a derivative claim, they are not estopped by an award terminating compensation to the workman during his lifetime.

After carefully considering the contentions of defendant and plaintiff and the authorities cited in support thereof, we have reached the conclusion that the award of the compensation board is supported by the evidence and also by the weight of the authorities cited. We think, therefore, the action of the board awarding compensation to plaintiff must be sustained. We are also of opinion that the release and final receipt given by the employe to

the employer after receiving compensation from the time of his injury until August 31st of the same year is not binding upon his dependents: In re Cripps, 216 Mass. 586, 104 N. E. 565; Milwaukee Coke & Gas Co. v. Industrial Commission et al., 160 Wis. 247, 151 N. W. 245, 246, opinion of Winslow, C. J.

And now, December 21, 1936, it is ordered, adjudged, and decreed that the order of the Workmen's Compensation Board awarding compensation to plaintiff and her minor children is approved, and the appeal is dismissed; appellant to pay the costs of these proceedings.