## Wahs v. Wolf et al.

*Alexander F. Barbieri,* for claimant.
*J. Webster Jones,* for defendants.

Bok, P. J., February 20, 1942.—This is the third of claimant's appeals from various orders of the Workmen's Compensation Board dismissing his petition to set aside a final receipt executed by him on September 18, 1933.

Claimant's petition was originally filed under section 434 of The Workmen's Compensation Act of June 2, 1915, P. L. 736, as it existed prior to the amendment of June 4, 1937, P. L. 1552. The board found that there had been no mistake of fact or law in the execution of the receipt and, on appeal to this court, the finding was upheld. However, the circumstances attending the execution of the receipt raised the question of its validity under section 407, 77 PS §731, which renders null and void any agreement permitting a commutation of payments contrary to the provisions of the act or varying the amount to be paid or the period during which compensation shall be payable. The record was accordingly remitted with the suggestion that the petition be regarded as amended to lie within section 407.

After further hearing, the referee found that "the claimant executed the compensation agreement and the final receipt on September 18, 1933, for the reason that he was in dire financial straits, and that the proposition of settlement was not made by the insurance carrier with the thought in mind that claimant's disability had ceased, but that said offer of settlement was tendered as a means of disposing of a case of doubtful liability. In short, it was a compromise which claimant was forced to accept by reason of his pressing need for ready cash". The settlement and final receipt thereupon were set aside and the original award was reinstated.

On appeal, the foregoing findings were discarded and the following substituted by the board:

"18. From a careful reading of the testimony as contained in the whole record, the compensation agreement and the final receipt executed by claimant on September 18, 1933, were not a commutation of compensation payments, and were not executed under any mistake of fact or law; the same having been fully explained to claimant by his then attorney, Harry Penneys, Esq., the full import and meaning of which was known to claimant."

The remainder of the referee's findings were affirmed, including finding no. 19, which declares:

"The claimant continued to be disabled as a result of the accident following September 18, 1933, and is still so disabled."

Claimant's petition was again dismissed and another appeal to this court followed.

On July 30, 1940, we filed an opinion remanding the case to the board for further proceedings consistent therewith. We then stated:

"Section 407 nullifies three types of agreements: (1) those executed prior to the tenth day after the

accident; (2) those permitting a commutation of payments contrary to the provisions of the act, and (3) those varying the amount to be paid or the period during which compensation shall be payable. The board, assuming that the second clause alone was pertinent in this case, concluded that there was no commutation of payments since the entire sum paid to claimant was due and owing on September 14, 1933.

"We cannot agree with the board's assumption that the third clause of section 407 was inapplicable. Admittedly, claimant's disability still exists, and has existed continuously since the accident. For such total disability, the act provides compensation at a stipulated rate for a period of 500 weeks or until the disability ceases. This provision cannot be circumvented by compromise agreements, no matter how desirous the employe may be to effect a settlement: Bair v. Susquehanna Collieries Co., 335 Pa. 266 (1939). In view of this, a recital, contrary to actual fact, that the employe was able to return to work on a given day is of no significance. It certainly cannot operate to cut down the period during which compensation is legally payable. Since that is the true effect of the receipt in question, it falls within the class of agreements condemned by section 407."

On the remand, no further testimony having been offered, the board again dismissed claimant's petition and, once again, the case is before us on appeal.

The opinion of the board is quite interesting. Referring to our statement that the third clause of section 407 should have been considered in the present case, the board remarks:

"This expression on the part of the court of common pleas aforesaid amounts to a direction to the board to make findings of fact in accordance with the above order. It has been repeatedly held by our appellate courts that it is not for the courts to make findings of

fact, or tell the compensation authorities that they must find one way or another."

Finding no. 19 regarding the continuance of claimant's disability after the execution of the final receipt was not altered by the board. However, finding no. 18(*a*) was added as follows:

"From a careful reading and consideration of the testimony, we further find as a fact that claimant has [sic] expressed his ability to return to work on September 18, 1933, and in view of such expression was advised that he would not be entitled to receive further payments of compensation, and that, therefore, there was neither a varying of the amounts of compensation due nor the periods during which compensation shall be payable."

We are not entirely satisfied that the board's additional findings of fact are the real facts giving rise to the execution of the final receipt but, being based on legally competent testimony, we have no alternative but to accept them: The Workmen's Compensation Act of June 2, 1915, P. L. 736, secs. 422, 427, as amended, 77 PS §§834, 872; Corrento v. Ventresca et al., 144 Pa. Superior Ct. 358 (1941) ; Baumeister v. Baugh & Sons Co. et al., 142 Pa. Superior Ct. 346 (1940) ; Dolinar v. Pittsburgh, 140 Pa. Superior Ct. 543 (1940).

Mr. Penneys, who was claimant's attorney at that time, testified that it was only after claimant assured him that he expected to be able to return to work the following Monday that he arranged the execution of the compensation agreement and final receipt. According to Penneys, neither he nor the insurance carrier had any knowledge of the continuance of claimant's disability nor was there any intent to execute an agreement without reference to the latter's condition. This testimony, to some extent, is corroborated by that of claimant himself. Other circumstances disclosed by the testimony, however, might have constrained us to an

opposite conclusion had we been the fact-finding authority. We have in mind the testimony that the offer of settlement first came from the insurance carrier at a time when an appeal was pending from an award of compensation; that the proposal was to terminate payments as of the date of the argument on appeal; that claimant was then apparently financially embarrassed and in desperate need of funds; that the final receipt falsely stated that claimant was able to return to work the previous Monday; that claimant, who knew how to write, could only make his mark in signing the papers; and that claimant actually was unable to return to work the following Monday. As previously noted, the board's version is, however, based on competent evidence and, therefore, cannot be successfully challenged on this appeal. Under the facts thus found, the agreement was not invalidated by section 407 of the act.

Claimant makes the further argument that the final receipt should have been set aside under the former section 434 as being based upon a mistake of fact. While contending that this question is now res adjudicata, defendant has not advised us how our authority over this phase of the controversy has been lost. When we first sustained the board on this point in our opinion of May 11, 1938, the findings of fact, supported by competent testimony, were all consistent with the conclusion reached, namely, that there had been no mistake of fact or law. The board then found that claimant had not sustained the burden of showing any mistake of fact in the execution of the final receipt. Additional testimony has since been taken and the present findings of fact, while reciting that claimant's petition had previously been dismissed under section 434, contain the additional finding that "claimant continued to be disabled as a result of the accident following September 18, 1933, and is still so disabled". Moreover, since the date of our last remanding order, an additional finding has been

made that the compensation agreement resulted from claimant's expression of ability to return to work. We think there is potential inconsistency in these findings. As stated in 1 Skinner, Pennsylvania Workmen's Compensation Law (1938) 671:

". . . it would seem that if the employe was not in fact able to return to work without loss of earning power, or if he had an existing disability, the execution of a final receipt, indicating complete recovery, would, in the absence of knowledge by the employe of the existence of disability, be a 'mistake of fact' which would have warranted an order setting aside the receipt under the Act prior to the amendment. It is improbable that the receipt would be signed by the employe if he knew he was still suffering disability and therefore entitled to further compensation."

To the latter statement we may add that an employe aware of his continued disability normally would not sign such a final receipt unless, by virtue of financial difficulties or otherwise, he was compelled to compromise his claim.

In the present case, there is no finding of fact on the question of claimant's knowledge of the continuance of his disability when he signed the receipt. Finding no. 19 itself is a little vague, for it states that disability "continued . . . following September 18, 1933". From this, the only reasonable inference is that disability never ceased from the date of the accident and that it was an *existing* one on September 18, 1933. It is true that our appellate courts frequently have said that "where one is under a mistaken belief that he has recovered sufficiently to return to work, such mistaken belief would not of itself warrant setting aside a final receipt": Eberst v. Sears, Roebuck & Co., 334 Pa. 505, 509 (1939); Cooper v. Byllesby Engineering & Management Co. et al., 140 Pa. Superior Ct. 158, 163 (1940). See also Berkstresser v. State Workmen's In-

surance Fund et al., 140 Pa. Superior Ct. 237, 242 (1940), Dobash v. Jeddo-Highland Coal Co., 141 Pa. Superior Ct. 62, 65 (1940), Koreen v. Union Collieries Co., 141 Pa. Superior Ct. 70, 72 (1940), and Coder v. Pittsburgh Des Moines Steel Co., 142 Pa. Superior Ct. 407, 411 (1940). However, the foregoing generalization, construed in the light of the actual decisions, relates only to a *recurrence of disability* subsequent to the time of the final receipt. Thus, in Berkstresser v. State Workmen's Insurance Fund et al., supra, at page 242, it is stated:

"As to mistake of fact, we have pointed out many times that a mistaken belief on the part of an employee that he has fully recovered from the accident and the injury resulting from it, or a hope on his part that he could go back to work—where it subsequently develops, but more than a year thereafter, that his hope or belief was unfounded and his disability recurs—is not such a mistake of fact as will justify setting aside a final receipt: *Shetina v. Pittsburgh Term. Coal Corp.*, 119 Pa. Superior Ct. 425, 431, 179 A. 776; *Lowdermilk v. Lorah*, 124 Pa. Superior Ct. 356, 360, 188 A. 621. 'A mere mistaken belief upon the part of an employe and his employer at the time an agreement is terminated by a final receipt that the employe may return to work without danger of any recurrence of disability is not the kind of a mistake of fact contemplated by section 434': *Reichner v. Blakiston's Son & Co.*, 115 Pa. Superior Ct. 415, 422, 175 A. 872. The 'mistake of fact' contemplated by the act refers to a fact which existed at the time the final receipt was signed, not to a subsequent development from an injury which was thought to be healed, or to claimant's own belief that his disability had ceased, which was later disproved by the subsequent course of events. *Shetina v. Pittsburgh Term. Coal Corp.*, 114 Pa. Superior Ct. 108, 113, 114, 173 A. 727. The 'mistake of fact' sufficient to justify the setting aside of a final receipt and the reinstatement

of the agreement, if referable to the physical condition of the claimant, must not be one relating to changes which have occurred in his physical condition since the receipt was signed."

As we interpret the appellate holdings, if claimant had an *existing disability of which he was ignorant* when he entered into the instant agreement for compensation, the final receipt would have been founded upon a mistake of fact within the meaning of the act. Of course, if claimant entered into the agreement and signed the final receipt knowing of his disability, he would have no cause for complaint: Federoff v. Union Collieries Co., 141 Pa. Superior Ct. 308 (1940) ; Krumrine v. Titan Metal Manufacturing Co. et al., 146 Pa. Superior Ct. 349 (1941).

We recognize that "Evidence sufficient to set aside a final receipt must be definite and specific and of higher quality and of greater weight than is required to support an award in the first instance": Federoff v. Union Collieries Co., supra, p. 311; and that "The statute gives the receipt the weight of 'prima facie evidence of the termination of the employer's liability to pay compensation under such agreement or award' ": Eberst v. Sears, Roebuck & Co., supra, p. 511. Whatever weight should be given the evidence in this regard is, of course, a matter for the determination of the board; but to enable us to make a proper disposition of this case, the board should have made findings of fact that are specific, complete, and consistent. It is inconsistent to conclude that there was no illegal compromise with section 407 and yet to conclude that there was no mistake of fact under section 434, even though there was an *existing* disability, unless there is also a finding that claimant was aware of his disability at the time and defendant was not. But no finding on this issue has been made one way or another. Moreover, finding no. 19 itself could be made more specific as to claimant's condition at the time he executed the final

receipt. We feel we cannot intelligently give judgment upon an action of the board that is inconsistent and not clear.

Claimant also complains that the board should have applied section 434, as amended by the Act of June 4, 1937, P. L. 1552, sec. 1, 77 PS §1001, retroactively so as to permit the nullification of the receipt solely on the basis of continued disability at the time of its execution. With this we cannot agree. The changes wrought by the Act of 1937 appear to us to affect the substantive rights of the parties and, as such, cannot be given a retrospective application. See sections 56 and 73 of the Statutory Construction Act of May 28, 1937, P. L. 1019, 46 PS §§556, 573. Moreover, section 434 was re-amended by The Pennsylvania Workmen's Compensation Act of June 21, 1939, P. L. 520, sec. 1, 77 PS §1001 (supp. 1941), so as to restore the prior state of the law in this regard, so that, even if claimant be correct in his theory, the new amendment would in any event govern this case.

Accordingly, February 20, 1942, the record is remitted to the Workmen's Compensation Board pursuant to section 427 of the act, 77 PS §877, for further findings of fact in accordance with this opinion, with leave to the board to take such additional testimony as it may deem necessary.