Koreen *v.* Union Collieries Company, Appellant.

Argued April 10, 1940.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, RHODES and HIRT, JJ.

*Edward J. I. Gannon,* of *Hazlett, Gannon & Walter,* for appellant.

*Fred J. Jordan,* with him *Murray J. Jordan,* for appellee.

Opinion by Cunningham, J., July 19, 1940:

The employer in this workmen's compensation case has appealed from a judgment entered in the court below upon an award of compensation which, in effect, directed it to resume payments to the claimant for total disability, at the rate of $15 per week, as of November 16, 1936, upon the ground of a recurrence upon that date (within the meaning of the second paragraph of Section 413 of the Workmen's Compensation Act of June 2, 1915, P. L. 736, as amended April 13, 1927, P. L. 186, 77 PS Sec. 772) of a disability attributable to an accident suffered by him in the course of his employment on March 21, 1935. The legal effect of the award was the reinstatement of an open second supplemental agreement, dated August 15, 1935, under which claimant had been paid compensation up to August 19, 1936, when he returned to work and, on September 2, 1936, executed a final receipt terminating the agreement. Claimant worked until November 16, 1936, when, as he contends, his disability recurred to such an extent that he has been totally disabled ever since that date.

We need not detail the history of the case prior to the filing on December 16, 1936, of the petition which gave rise to the present controversy. It must be kept in mind, however, that it was filed "within one year after the date of the last payment of compensation" under the agreement.

When injured, claimant was employed as a loader in one of his employer's mines. In the original agreement, dated April 30, 1935, the accident and injury were thus described: "Pushing car, he felt a pain in his back. Strain of the sacroiliac region." For reasons not now material, two supplemental agreements were executed— the first on May 31 and the second on August 15, 1935,

under the latter of which claimant, as stated, was paid for approximately one year.

The petition of December 16, 1936, was filed under Section 434 of the statute, 77 PS Sec. 1001, and prayed for the setting aside of the final receipt of September 2, 1936, upon the ground that claimant did not know the full extent of his disability when he signed it. The employer answered that claimant was merely suffering from a "temporary disability by reason of a bad cold." After a hearing before a referee, that official made, inter alia, the following finding of fact:

"TENTH: That the claimant signed the final settlement receipt by mistake of fact, believing he was able to return to work and to continue at his work but, after having attempted same, was forced to discontinue because of the severe pain in his back."

Upon the ground thus stated, the receipt was set aside and "compensation reinstated" as of the date claimant quit work. As far back as *Reichner v. P. Blakiston's Son and Co.*, 115 Pa. Superior Ct. 415, 175 A. 872, and many times since, we held that such a mistaken belief is not the kind of a "mistake of fact" that would warrant the board in setting aside a final receipt. For a discussion of this subject, see *Dobash v. Jeddo-Highland Coal Company*, 141 Pa. Superior Ct. 62, 14 A. 2d 842, and cases there cited.

Upon the employer's appeal to the board the action of the referee in setting aside the receipt was not affirmed, but, being of opinion that the testimony taken before the referee indicated a recurrence of disability rather than any mistake relative to matters existing at the time the receipt was given, the board remanded the record to the referee for further hearing and determination and directed that the petition be considered as though filed under Section 413. We have held in a number of cases that if the testimony shows a claimant is entitled to relief under any section of the statute, his petition, although erroneously filed under some other

section, may be considered and disposed of as having been filed under the applicable section. It has also been pointed out that if a claimant is entitled to have an agreement reinstated under Section 413 the final receipt by which the agreement was terminated necessarily disappears from the case.

After further hearings in September and October, 1938, at which the expert medical testimony of Doctors Joseph M. Jackson, Abraham S. Bowdie, P. A. Brown and J. M. Snyder (who had also testified at the first hearing) was taken, the referee made findings to the effect that after claimant had worked for some thirteen weeks at comparatively light employment his disability, attributable to the accident, recurred on November 16, 1936, to such an extent that he has been totally disabled from that date up to the time of the last hearing on October 26, 1938. Compensation was accordingly reinstated as of November 16, 1936. The board affirmed the findings of fact and conclusions of law of the referee; the employer appealed to the common pleas; that tribunal, in an opinion by THOMPSON, J., filed November 9, 1939, overruled the employer's exceptions, dismissed its appeal and entered judgment on the award; the present appeal by the employer to this court followed.

The question of law involved hereunder is whether the record contains substantial competent evidence supporting the finding of a recurrence of disability resulting from the accident and total in extent.

Dr. Snyder, called by the claimant at the first hearing and by the employer at the last, examined claimant about a year after the accident when he became a patient at the New Kensington Hospital under the care of the witness, and also examined him at intervals up to May 1937; four X-ray examinations were made. Excerpts from his testimony read: "Q. And from the history you received of the accident, state whether or not [his present] condition is attributable to his acci-

dent? A. Well, it was my opinion that he, in all probability, had an arthritis existing prior to his accident and that this accident which he received aggravated this arthritic condition. ...... By the referee: Q. Doctor, since your last examination, what is your opinion, that this man—the disability he has is from results of that accident or has it resulted from something else? A. Well, it all dates back to his accident—this complaint that he has at the present time has been [a] pretty continuous process from the date of his accident, although he did return to work in August, '36 and continued working until November of 1936, but not doing the type of work that he had been doing when he suffered his accident. He was doing a lighter form — lighter kind of work and it is my opinion, as he continued to work, he, probably, at various times may have irritated or caused this arthritis to advance until, as far as the pain is concerned, until it reached the point where he was unable to continue any longer. Q. The disability then is a result of the accident, that is your opinion? A. At the present time, that is my opinion."

Dr. Jackson who examined claimant on January 6 and September 7, 1938, testified: "I made a personal inspection and examination of the X-ray pictures and made an independent reading of the X-ray findings which showed a slight increase in the inter-osseous space of the right sacroiliac joint and a slight slipping, about one-quarter ($\frac{1}{4}$) inch lower than the sacral portion, evidence of a moderate amount of osteoarthritis in the lumbar vertebrae. As a result of my examinations, the history of the accident and activities which he attempted following the accident, the statement of his complaints, my own physical examination and the inspection of the X-ray pictures, it is my opinion that at the time of his accident, March 21, 1935, in addition to minor injuries, there was a *slipping of the sacroiliac joint of the right side* and that as a result of that injury he is totally disabled from performing any type of hard labor as a coal

miner or other similar occupation and that any type of light work which he would be able to do would be limited in character and would have to be created especially for him with opportunities given for rest and, therefore, place him in the class of a nondescript laborer. The last examination which I made of Mr. Koreen was on September 7, 1938. At this time, I find that his condition is worse than it was at the time of my previous examinations. The pain, the limitation of motion in the back on account of pain, the stiffness of the hips have all become worse and my opinion is that he is still totally and permanently disabled from performing hard labor and the same opinion as to any form of light work which he could obtain still prevails." (Italics ours).

Dr. Bowdie, an orthopedic surgeon, corroborated Dr. Jackson and expressed the definite opinion that "the slipping seen in the right sacroiliac joint is the basis" of claimant's disability and was caused by the accident.

On behalf of the employer, Drs. Snyder and Brown testified that, in their opinion, the X-ray film did not show the widening and slipping of the sacroiliac joint minutely described by Drs. Jackson and Bowdie; they attributed claimant's increased disability to the progress of his arthritis. As Section 413 authorizes the reinstatement of an agreement "upon proof that the disability of an injured employe has increased", as well as upon proof that it has "recurred", the difference of opinion to which we have referred is of no moment. Moreover, it was a matter exclusively for the consideration of the compensation authorities.

After having entered into and performed three agreements for payment of compensation, it is too late to argue, as attempted for the first time in the brief for the employer, that claimant did not sufficiently prove the occurrence of an "accident" in the course of his employment.

Our examination of this record indicates that claim-

ant after returning to work on August 19, 1936, made an honest effort to continue at his employment. In this he was successful until the 16th of the following November, when, in his own language, his "back went worse" to the extent that he could not "even hardly walk". We agree with the court below that it contains ample competent evidence supporting the conclusion of the referee and board that claimant is entitled to relief under Section 413 of the statute.

Judgment affirmed.