## Koreen *v.* Union Collieries Company, Appellant.

Argued December 13, 1944. Before KELLER, P. J., BALDRIGE, RHODES, HIRT and RENO, JJ. (JAMES, J., absent).

*Edw. J. I. Gannon,* with him *Hazlett, Gannon, Walter & McVicar,* for appellant.

*John B. Nicklas, Jr.,* with him *E. B. Wolfe* and *McCrady, Nicklas & Hirschfield,* for appellee.

OPINION BY KELLER, P. J.:

The defendant employer has appealed from the judgment of the County Court of Allegheny County in a workmen's compensation case.

The claimant was injured on March 21, 1935 while in the course of his employment with the defendant. An open agreement for compensation for total disability was entered into on May 17, 1935. Various steps were taken which are not material on this appeal, for they are not included in the record before us. It suffices to say that the compensation agreement was terminated on October 8, 1936 by a final receipt.

On December 16, 1936 claimant filed a petition asking for reinstatement of compensation on the ground of recurrence of disability. After various proceedings, not essential here but referred to by us, when it reached us on appeal, as hereinafter stated, the board filed an order setting aside the final receipt and awarding compensation for total disability, as of November 16, 1936, which was affirmed by judgment of the Court of Common Pleas of Allegheny County, and, on appeal from that judgment, by this court in 141 Pa. Superior Ct. 70, 72, 73, 14 A. 2d 845. Appeal refused, 141 Pa. Superior Ct. XXXIII. That was an *adjudication* that claimant was at that time still totally disabled as a result of his accident while in defendant's employ, and entitled to compensation for total disability.

Following the judgment in that case, the claimant, who seems to have been anxious to work for wages, if at all possible, rather than get compensation for total disability, on February 28, 1942 again started to work, and on March 1, 1942 signed another final receipt.

On June 4, 1942 he filed a petition to re-instate the award made by the board—and reduced to judgment by the court—on the ground of another recurrence of total.

disability due to said accident—"I got worse since I received my last compensation. I am totally disabled."

At the hearing which followed, expert medical testimony was produced by claimant and defendant respectively.

Dr. J. M. Snyder was called as an expert medical witness for defendant, and Dr. Voight Mooney and Dr. Eben W. Fiske, both orthopedic surgeons, for the claimant.

Dr. Snyder testified that claimant was partially disabled possibly to the extent of 50%; that when he first saw claimant on March 31, 1936, his disability was due to arthritis, which had been aggravated by the accident; but that his present disability was due to arthritis, and not any aggravation of it because of the injury.

On the other hand, Dr. Mooney testified that claimant was totally disabled when he saw him on May 26, 1942, and also when he last examined him the week before the hearing; and that, in his opinion, the disability dated back to, and was the result of, the injury of March 21, 1935. Dr. Fiske, who examined the claimant in July 1936 at the request of the defendant—but was not called as a witness by it—and who examined him again on May 27, 1942, testified, in substance, that claimant is totally disabled for all work, except *"possibly* some specially selected vocation of a very light character", and that the cause of his disability was the injury of 1935 which aggravated a pre-existing quiescent condition of osteoarthritis, and made it impossible for him to work from that time on.

The matter at issue was a question of fact to be decided by the board. Its decision, if supported by substantial competent evidence, cannot be set aside or reversed by the court below or this court.

The record contains ample competent evidence to support the board's action in re-instating its award of compensation for total disability, which had been affirmed and adjudicated by this court in 141 Pa. Superior Ct.

70, 14 A. 2d 845, and requires our affirmance of the judgment.

Judgment affirmed.

PER CURIAM, January 25, 1945:

The foregoing opinion had been prepared by President Judge KELLER before his death on January 16, 1945. It is now adopted and filed as the opinion of the Court.